# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR134 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| ADAM M. CROM, | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 40). The government adopted the PSR (Filing No. 39). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to the 2-level enhancement in ¶ 21 under U.S.S.G. § 2K2.1(b)(3)(B) (destructive device) as double-counting, since the base offense level was raised due to the Defendant's possession of a short gun.

Procedurally, it appears that the objection was not communicated to the probation officer under the sentencing schedule. NECrimR 32.0.1(b)(4). The objection, however, is denied on the merits. The objection is not supported by case law. Those courts addressing this issue have concluded that the imposition of the § 2K2.1(b)(3)(B) enhancement does not constitute double-counting. *United States v. Moses,* 2007 WL 42752, at *2 (E.D. Wis. 2007); *United States v. Emerson,* 432 F. Supp. 2d 128, 136 (D. Me. 2006); *United States v. McCarty,* 421 F. Supp. 2d 220, 223 (D. Me. 2006). The Court is persuaded in particular by the reasoning in *Moses*, which relies on the relevant application note:

> A defendant whose offense involves a destructive device receives both the base offense level from the subsection applicable to a firearm listed in 26 U.S.C. § 5845(a) (e.g., subsection (a)(1), (a)(3), (a)(4)(B), or (a)(5)), and the applicable enhancement under subsection (b)(3). Such devices pose a considerably greater risk to the public welfare than other National Firearms Act weapons.

U.S.S.G. § 2K2.1, application note 7.

Therefore, the Defendant's objection is denied.

IT IS ORDERED:

1. The Defendant's objections (Filing No. 40) to the PSR are denied;

2. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

3. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

4. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

Dated this 28th day of December, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Court