IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    vs.<br><br>ADAM M. CROM,<br><br>                    Defendant. | 8:09-CR-134<br>8:14-CR-234<br>8:14-CR-237<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Defendant's identical Motions for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A), filed in the above captioned cases. Filing 95 in Case No. 8:09-CR-134; Filing 34 in Case No. 8:14-CR-234; and Filing 39 in Case No. 8:14-CR-237. In each case, Defendant also filed a document and docketed it as a "Motion for Compassionate Release," though it is actually the same letter, dated January 4, 2021, addressing Defendant's proposed release plan. Filing 93 in Case No. 09-CR-134; Filing 31 in Case No. 8:14-CR-234; and Filing 36 in Case No. 8:14-CR-237. The Defendant's Motions will be denied.

On August 17, 2015, Defendant pled guilty to distribution of five grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1)(b)(1). *See* Filing 32 and Filing 35 in Case No. 8:14-CR-237. The Court sentenced Defendant to seventy-seven months' imprisonment and four years of supervised release. *See* Filing 33 at 2, 3 in Case No. 8:14-CR-237. By committing a crime, Defendant violated the terms of supervised release in two other cases, Case Nos. 09-CR-134 and 14-CR-234. For his violation in Case No. 8:09-CR-134, the Court sentenced Defendant to 24 months' incarceration, to run concurrently to the sentence imposed in Case No. 8:14-CR-234, and consecutively to the sentence imposed in 8:14-CR-237. Filing 91 in Case No. 8:09-CR-

134. For his violation in Case No. 8:14-CR-234, the Court sentenced Defendant to 12 months' incarceration, to run concurrently to the sentence imposed in Case No. 8:14-CR-234, and consecutively to the sentence imposed in 8:14-CR-237. Filing 29 in Case No. 8:14-CR-234.

In Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), Congress amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons (BOP) to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Defendant submitted evidence that he submitted a request for compassionate release to his warden on December 30, 2020. Filing 95 at 16.[1] Because 30 days have lapsed since Defendant submitted his request, the Court is satisfied that he has exhausted his administrative remedies.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of a sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Section 3582(c)(1)(A) also provides in pertinent part:

[T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction

. . . .

---

[1] Because the relevant motion documents in each case are identical, unless otherwise stated, references are to filing numbers in Case No. 8:09-CR-134.

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Accepting all Defendant's factual allegations as true, the Court concludes that he has not shown any extraordinary and compelling reason for a reduction of his sentence or his release from custody. Defendant's argument focuses on the generalized presence of COVID-19 in his facility. He has not presented any allegation or medical support that he personally is at a greater risk. He admits that he has already had COVID-19 and, although he suffers from some lingering effects, only speculates that he "may not be so lucky if [he] catch[es] the virus again." Filing 95 at 5. Such generalized concerns are insufficient to show extraordinary and compelling reasons for release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Melgarejo*, No. 12-CR-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020), *aff'd*, No. 20-1802, 2020 WL 7230642 (7th Cir. Dec. 8, 2020) ("[T]he mere presence of COVID-19 in a particular prison . . . cannot justify compassionate release—if it could, every inmate in that prison could obtain release."). Further, the Court has reviewed the record and concludes that a reduction of his sentence would be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a).[2]

IT IS ORDERED:

---

[2] These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A) through (C), and (6).

1. Defendant's Motions for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A), Filing 95 in Case No. 8:09-CR-134; Filing 34 in Case No. 8:14-CR-234; and Filing 39 in Case No. 8:14-CR-237, are denied;

2. The Clerk is directed to terminate the documents docketed as "Motions for Compassionate Release," that appear at Filing 93 in Case No. 8:09-CR-134; Filing 31 in Case No. 8:14-CR-234; and Filing 36 in Case No. 8:14-CR-237, and

3. The Clerk will mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 18th day of March, 2020.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge